**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ANTHONY KNIGHT,

                                               Plaintiff,

                    - against -

LOCAL 25 INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS,
                                Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV 14-6497 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff Anthony Knight ("Plaintiff" or "Knight") brings the instant action against Defendant Local 25 International Brotherhood of Electrical Workers ("Defendant" or "Local 25") alleging discrimination on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et. seq.*; 42 U.S.C. § 1981, and various provisions of the New York State Human Rights Law. *See generally* Complaint [DE 1].

Pending before the Court is Plaintiff's motion seeking enforcement of the subpoena *duces tecum* (the "Subpoena") served upon non-party Electrical Industry Board of Nassau and Suffolk Counties, New York (the "EIB"). *See* DE 39. Non-party EIB has opposed enforcement of the subpoena on multiple grounds.[1] *See* DE 47. For the reasons set forth below, Plaintiff's motion to enforce the subpoena is GRANTED to the extent set forth in this Memorandum and Order.

---

[1]     The Court treats the objections raised by EIB as a cross-motion to quash the subpoena pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure.

1

## II. RELEVANT BACKGROUND

On July 8, 2015, Plaintiff served the Subpoena on EIB via express mail to EIB's address of record. *See* August 21, 2015 Declaration of Benjamin A. Federici in Support of Motion to Enforce Subpoena Duces Tecum ("Federici Decl.") [DE 40] ¶¶ 12-13.[2] By letter dated July 22, 2015, EIB notified Plaintiff that it objected to the Subpoena on various grounds. *See* Federici Decl. ¶ 17, Ex. C [DE 40-3]. Thereafter, on August 17, 2015, Plaintiff filed a letter motion seeking "the Court's assistance in enforcing a subpoena duces tecum served on non-party [EIB]." *See* DE 37. Subsequently, on August 18, 2015, the Court denied Plaintiff's motion and directed that based upon the relief requested, Plaintiff would be required to make a formal motion, on notice, pursuant to the Federal Rules of Civil Procedure. *See* DE 38. The Court further directed that as part of any such filing, Plaintiff would need to submit "a declaration outlining the steps taken to serve the subpoena and [attach] proof that the subpoena was actually served on the non-party." *Id*. Subsequently, on August 21, 2015, Plaintiff refiled its motion seeking enforcement of the Subpoena per the directives in the Court's prior Order. *See* DE 39-41. EIB filed its opposition to Plaintiff's motion on September 1, 2015. *See* DE 47. On that same date, Plaintiff filed his reply. *See* DE 49-50.

---

[2] A review of the electronic docket reveals that Plaintiff did not file an Affidavit of Service as to the Subpoena upon EIB. Nevertheless, based upon EIB's letter to Plaintiff's counsel noticing its objections to the Subpoena, *see* Federici Decl., Ex. C [DE 40-3], the Court presumes that service was in fact effected upon EIB.

## III. APPLICABLE LAW

Rule 45 of the Federal Rules of Civil Procedure governs the procedure when an individual or entity seeks to quash or modify a subpoena.[3] Specifically, Rule 45(d) provides, in pertinent part, that

> (A) *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.
>
> (B) *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3)(A), (B).

"A determination to grant or deny . . . a motion to quash a subpoena is discretionary." *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012); *see In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 68 (2d Cir. 2003); *Solomon v. Nassau Cnty.*, 274 F.R.D. 455, 460 (E.D.N.Y. 2011) ("Motions to quash subpoenas under the Rules are 'entrusted to the sound discretion of the district court.'") (quoting *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003)); *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) ("The decision whether to

---

[3] The parties did not brief the issue whether a different standard of review is applied when a party seeks to enforce a subpoena as opposed to when a party files a motion seeking to quash a subpoena. Because the Court does not find any difference in the relevant case law and because it is treating EIB's objections as a cross-motion to quash, the Court will apply the standards set forth in Rule 45(d) as well as the applicable law to adjudicate the instant motion.

quash or modify a subpoena is committed to the sound direction of the trial court.") (citations omitted).

"The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003); *see also Salvatorie Studios, Int'l v. Mako's Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001). Relevance in this context is subject to the over-arching relevance requirement outlined in Rule 26(b)(1). *See In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) ("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)"); *see Ford Motor Credit Co. v. Meehan*, No. CV 05-4807, 2008 WL 2746373, at *4 (E.D.N.Y. July 11, 2008); *During v. City Univ. of New York*, No. 05 Civ. 6992, 2006 WL 2192843, at *82 (S.D.N.Y. Aug. 1, 2006).

Rule 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'") (internal citation omitted). Notably, although Rule 26 still permits a wide range of discovery based upon relevance and proportionality, the "provision authorizing the court . . . to order discovery of any matter relevant to the subject matter involved in the action" has been eliminated. Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley*, 2015 WL

9413101, at *2 (internal citation omitted). The rationale behind the elimination of this phrase is the reality that it "has been used by some, incorrectly, to define the scope of discovery." Rule 26 Advisory Committee Notes to 2015 Amendments. Thus, Rule 26(b)(1), as amended, although not fundamentally different in scope from the previous version "constitute[s] a reemphasis on the importance of proportionality in discovery but not a substantive change in the law." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 CIV 5088, 2016 WL 616386, at *13 (S.D.N.Y. Feb. 16, 2016); *see Robertson v. People Magazine*, No. 14 Civ. 6759, 2015 WL 9077111 at *2 (S.D.N.Y. Dec. 16, 2015) ("[T]he 2015 amendment [to Rule 26] does not create a new standard; rather it serves to exhort judges to exercise their preexisting control over discovery more exact-ingly.").

"Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008); *see John Wiley & Sons, Inc.*, 284 F.R.D. at 189 (burden on motion to quash is borne by the moving party); *Ford Motor Credit Co.*, 2008 WL 2746373, at *5 ("The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant.") (citing *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007)). In addition, where the party moving to quash is a non-party to the pending litigation, that fact "entitles the witness to consideration regarding expense and inconvenience." *Night Hawk Ltd.*, 2003 WL 23018833, at *8 (internal quotations and citation omitted); *see Cohen v. City of New York*, No. 05 Civ. 6780, 2010 WL 1837782, at *3 (S.D.N.Y. May 6, 2010) (recognizing that "special weight [should be given] to the burden on non-parties of producing documents to parties involved in litigation"); *Corbett v. eHome Credit Corp.*, No. 10-

5

CV-26, 2010 WL 3023870, at *3 (E.D.N.Y. Aug. 2, 2010); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

IV. **DISCUSSION**

**A. The Parties' Contentions**

Plaintiff asserts that he has met the threshold relevancy inquiry for enforcement of the Subpoena since "the subpoena seeks information from [Local 25] regarding the quality and duration of jobs given to electricians of the Local 25 Union." *See* Plaintiff's Memorandum of Law in Support of Motion to Enforce the Subpoena Duces Tecum ("Pl.'s Mem.") [DE 41] at 2. Specifically, "Plaintiff alleges that he was given jobs of lesser quality and short duration than those given to White electricians . . . [and therefore] the information sought is clearly relevant to the plaintiff's allegations." *Id*. Plaintiff further states that "[g]iven the broad scope of discovery under [Rule] 26 [and the fact that] . . . the subpoena is tailored to specific documents highly relevant to plaintiff's case . . . plaintiff has met its burden [of establishing relevancy and materiality]." *Id*. Plaintiff devotes the balance of its memorandum of law to attacking EIB's objections to the Subpoena. Specifically, Plaintiff argues that despite EIB's position: (1) the Subpoena does not seek any protected health information from members of Local 25; (2) the requests for information are "specifically tailored to the information needed to prove [Plaintiff's] case" and are thus not overly broad or burdensome; and (3) the required provisions of Rule 45 were appended to the Subpoena. *Id*. at 3-7.

In its opposition, EIB surmises that "the information sought by [Plaintiff] is evidently intended to illuminate the allegation made in Plaintiff's Complaint that 'he was given jobs of lessor (sic) quality and short duration than those given to White electricians'" and that this is the "sole

rationale put forward by Plaintiff's papers as evidence of materiality and relevance to support the broad demand for information required. . . ." *See* EIB's Memorandum of Law in Opposition to Motion to Enforce Subpoena Duces Tecum ("EIB's Opp'n") [DE 47-5] at 4.  In addition to inferring that Plaintiff has failed to meet its initial burden of showing relevance and materiality, EIB states that the Subpoena:  (1) was not properly served; (2) seeks documents which are not in EIB's possession; (3) makes overboard and "highly burdensome demands;" (4) would violate HIPPA if enforced; and (5) otherwise seeks to have EIB to disclose confidential information.  *Id*. at 2.  As such, EIB asks that the Subpoena be quashed or, in the alternative, that the Court "order Plaintiff to bear the costs of whatever limited disclosure the Court may deem appropriate."  *Id*.

      In his reply, Plaintiff asserts that the information sought is "highly relevant, and [] is not available from any other source" and that, in any event, the information EIB conceded that it did have access to — *i.e.*, hours worked by Local 25 members for weekly or monthly period — is in fact the information that Plaintiff is seeking.  *See* Plaintiff's Memorandum of Law in Reply to Opposition to Enforce Subpoena ("Pl.'s Reply") [DE 49] at 2.  In addition, Plaintiff states that the scope of the information sought should not be limited solely to those Local 25 members whose names appear in the "hire lists."  *Id*. at 4.  Rather, Plaintiff takes the position that because "all hiring is supposed to be done through the Local 25 written job referral rules" and because "[d]iscovery has not revealed any rules or procedures that would permit electricians to be hired outside of these . . . rules," the full scope of the information sought is "highly relevant to plaintiff's claims and may reveal other forms of discrimination on the basis of race."  *Id*.  Further, Plaintiff argues that:  (1) he is not requesting documents not in EIB's possession; (2) enforcement of the

Subpoena will not violate HIPAA; and (3) EIB's argument concerning "redactions" is frivolous and that redacting certain information would not be "difficult or expensive." *Id*. at 5-8.

### B. Enforcement of the Subpoena

The Subpoena seeks the following information:

> Documents showing the employment for every Journeyman and Apprentice member of Local 25's "Construction A" division anywhere in Nassau and Suffolk Counties during the relevant time period [January 1, 2009 to Present] and sufficient to establish the following information for each such Journeymen:
>
> (A) The name and address of each employer of each such Journeymen or Apprentice, and locations of work sites including any jobs and/or work logs;
>
> (B) The dates of employment of each such Journeymen or Apprentice;
>
> (C) The days and hours worked by each such Journeymen or Apprentice;
>
> (D) The wages and benefits to or on behalf of each such Journeymen or Apprentice.

Federici Decl., Ex. A.

After reviewing the parties' submissions as well as the applicable case law, the Court finds that Plaintiff has met its burden of establishing that the information sought is both relevant and material in light of the claims made in Plaintiff's Complaint, with certain modifications. The Court is unpersuaded by EIB's arguments that compliance with the Subpoena would be unduly burdensome.

Notwithstanding the Court's determination, EIB cannot provide documents or information which it does not possess. Thus, the Court will not require EIB to produce information such as locations of work sites including any jobs and/or work logs — which EIB claims is not within its

possession. *See* August 27, 2015 Declaration of John W. Gilday in Opposition to Motion to Enforce Subpoena Duces Tecum ("Gilday Decl.") [DE 47-3] at ¶ 5. In any event, Plaintiff's counsel claims he is not requesting information that EIB does not have. Pl.'s Reply at 2. As such, EIB is not required to comply with the second clause in subparagraph A of the Subpoena since EIB does not have the materials in question and Plaintiff is not asking for such information. However, as to any other information concerning the quality and/or duration of jobs provided the Apprentices or Journeymen of Local 25, to the extent EIB does not have such information, the Court directs EIB to provide an Affidavit from a person with first-hand knowledge confirming that such information does not exist since the Gilday Affidavit fails to address this particular issue. That affidavit is to be provided within 14 days of this Order.

With respect to EIB's assertions that enforcement of the Subpoena would somehow involve EIB violating the strictures of HIPAA, this argument is without merit. Although EIB seems to construe Plaintiff's request in subsection D of the Subpoena as requiring the release of protected health information, *see* Gilday Decl. ¶ 9; EIB's Opp'n at 7, EIB misconstrues the nature and character of the information sought by Plaintiff. Such information is limited to a numerical dollar value and thus would not implicate HIPAA in the first instance. Specifically, the information sought by Plaintiff entails the "employer's payment of wages and benefits, the latter being paid in the form of contributions to benefit funds. Such contributions are uniform for all members based on hours worked, and reveal nothing about any member's health, health providers, health conditions or medical bills." Pl.'s Reply at 6. In light of the information sought, the Court finds that production of such information would not involve the disclosure of any protected health

information of Local 25 members. As such, EIB is required to provide this information to Plaintiff.

As to EIB's redaction argument, this too lacks merit. The Plaintiff is not seeking social security numbers of Local 25 members. *See id*. at 6 n. 3. To the extent EIB's assertion that "standard reports . . . include social security numbers," *see* EIB's Opp'n at 8, that issue is readily capable of resolution. Any necessary redactions would not warrant quashing the subpoena. Further, the conclusory assertions in EIB's opposition concerning burden and cost to make such redactions are insufficient to require the Court to otherwise limit the scope of the Subpoena. *See Melendez v. Greiner*, No. 01-CV-07888, 2003 WL 22434101, at *4 (S.D.N.Y. Oct. 23, 2003) (denying request to limit discovery based upon burden and recognizing that "[I]f the defendants wish to resist discovery on the ground of burden, then they must adequately demonstrate the nature and extent of the claimed burden. Here, defendants have made no specific showing at all as to how disclosure of the requested documents and information would be particularly burdensome."); *Caines v. City of New York*, No. 01 Civ. 7229, 2003 WL 151993, at *1 n. 1 (S.D.N.Y. Jan. 21, 2003) ("conclusory assertion of burdensomeness is 'entitled to no weight whatsoever.'") (internal citation omitted); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 CIV. 9116, 2009 WL 1422743, at *1 (S.D.N.Y. May 20, 2009) ("where a party resists discovery of certain information, the burden is on that party to clarify and explain precisely why its objections are proper. General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information.") (internal quotations and citation omitted).

Based upon the foregoing factors, the parties are directed to engage in a good faith meet-and-confer, pursuant to Local Civil Rule 37.3, within 14 days of the date of this Order. The meet-

and-confer session must include a discussion as to the overall feasibility of and manpower required to provide the balance of the information requested by Plaintiff. As part of this meet-and-confer session, the parties are to discuss the viability of engaging their respective Information Technology staff or outside vendor to determine the most cost-effective method for providing the information. With respect to the issue of social security numbers — in the event it is not feasible to provide the data to Plaintiff with the social security information redacted or otherwise omitted, those materials are to be provided to Plaintiff's counsel on "attorney's eyes only" basis and subject to the terms of a Stipulation and Order of Confidentiality which the parties are directed to enter into forthwith. Plaintiff's counsel is cautioned that any documents filed with the Court either during the balance of discovery, during motion practice, or at trial must be scrubbed of any social security number information before filing.

If after this meet-and-confer session the parties still remain at an impasse concerning the most efficient and economical means of producing the information sought, the parties are directed to file a brief letter motion to the Court seeking further intervention by April 25, 2016. However, the Court expects that the parties will approach the meet-and-confer with eye towards resolving any production issues.

V.      **CONCLUSION**

Based upon the foregoing analysis, Plaintiff's motion to compel enforcement of the Subpoena is GRANTED to the extent set forth in this Memorandum and Order and consistent with the modifications directed by the Court.

**SO ORDERED.**

Dated: Central Islip, New York
       March 31, 2016

/s/ A. Kathleen Tomlinson
					A. KATHLEEN TOMLINSON
					U.S. Magistrate Judge